UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HUGH HAROLD LUSK,

    Defendant.
_____/

Case No. 21-cr-20307-GAD-KGA-1

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER (1) FINDING DEFENDANT LUSK COMPETENT TO STAND TRIAL, (2) GRANTING DEFENDANT LUSK'S ORAL MOTION FOR SELF-REPRESENTATION, (3) GRANTING ATTORNEY NACHT'S MOTION TO WITHDRAW AS COUNSEL (ECF No. 146), (4) APPOINTING STANDBY COUNSEL, (4) DENYING GOVERNMENT'S MOTION TO DENY HYBRID REPRESENTATION AND STRIKE DEFENDANT'S PRO SE PLEADING (ECF No. 101) AS MOOT, (5) DIRECTING GOVERNMENT TO RESPOND TO DEFENDANT LUSK'S MOTION TO DISMISS (ECF Nos. 66 and 74), (6) STRIKING ECF No. 196, (7) SETTING DATES FOR DEFENDANT LUSK'S MOTION FOR BILL OF PARTICULARS, (8) GRANTING DEFENDANT LUSK'S MOTION TO SET STATUS CONFERENCE (ECF No. 193), AND (9) FINDING THE ENDS OF JUSTICE WILL BE SERVED BY GRANTING A CONTINUANCE EXCLUDING CERTAIN DATES FROM THE SPEEDY TRIAL CLOCK**

1

### I. INTRODUCTION

On May 5, 2021, a grand jury charged Defendant Hugh Harold Lusk, and his codefendants, with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 246 and 841(a)(1). ECF No. 1. On September 14, 2021, a grand jury returned a Superseding Indictment charging Lusk with an additional count of aiding and abetting in the distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. ECF No. 75.

Due to Lusk's erratic and disruptive behavior during pre-trial conferences on March 7 and 28, 2022, the Court ordered him to undergo a psychological evaluation to determine his competency to stand trial. ECF No. 127. Lusk also made several oral requests to represent himself during these and other pre-trial conferences, which the Court denied pending the outcome of his competency hearing.

The Court held a competency hearing on November 28, 2022. For the reasons discussed below, the Court finds Lusk competent to stand trial and will grant his oral motion for self-representation. As such, the Court will grant Attorney Nacht's Motion to Withdraw as Counsel (ECF No. 146), appoint standby counsel to assist Lusk, deny the Government's Motion to Deny Hybrid Representation and Strike Defendant's Pro Se Pleading (ECF No. 101) as moot, and direct the Government to

2

respond to Lusk's *pro se* motion to dismiss (ECF Nos. 66 and 74). The Court will also grant Lusk's *pro se* "Motion to Set Status Conference (ECF No. 193) and strike ECF No. 196 for noncompliance with the Federal Rules of Criminal Procedure.

## II. DISCUSSION

### A. Lusk's Competency to Stand Trial

On April 5, 2022, this Court ordered Lusk to undergo a psychological examination to determine his competency to stand trial pursuant to 18 U.S.C. §§ 4241 and 4247. ECF No. 127. Lusk was examined by forensic psychologist Jeffrey Wendt, Ph.D., P.C. The examination took place at Dr. Wendt's office in Brighton, Michigan and lasted about two and a half hours. On August 9, 2022, Dr. Wendt submitted his report to the Court.

A criminal defendant is not competent to stand trial if "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). "[T]he bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Emery*, No. CV

3

18-20240, 2019 WL 6873654, at *2 (E.D. Mich. Dec. 17, 2019) (quoting *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008)). "Ultimately, [t]he determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other mental health professionals]." *Id.* (alterations in original) (citation omitted).

Dr. Wendt found that Lusk demonstrates "an adequate understanding of the nature and consequences of the proceedings against him" and "has the capacity to assist in the preparation of a defense *if he chooses to do so*." While Dr. Wendt opined that Lusk suffers from Paranoid Personality Disorder that makes him view "the world and interpersonal reactions as hostile," Dr. Wendt determined that Lusk's evasive manner "appear[s] to be well-practiced and strategic rather than a symptom of mental illness." Dr. Wendt ultimately concluded that Lusk is "currently competent to stand trial." Notably, when the Government moved to admit Dr. Wendt's report, neither Attorney Nacht nor Lusk objected to the admission of the report or disputed its findings.[1]

Upon review of the mental health evaluation from Dr. Wendt, the findings contained therein, as well as the statements made by counsel and Lusk, the Court

---

[1] Attorney Nacht indicated that, given Lusk's desire to terminate the representation, he did not have authority to accept or object to the report on Lusk's behalf. Nevertheless, Nacht, personally, had no objection to its admission.

4

concludes that Lusk is not presently suffering from a mental disease or defect that renders him unable to understand the nature of the proceedings against him or impairs his ability to assist properly in his defense. Thus, the Court finds that Lusk is presently mentally competent to stand trial and that this case may proceed.

### B. Lusk's Oral Motion for Self-Representation

As discussed *supra*, Lusk has made several requests to represent himself during his appearances before this Court. As such, the Court conducted a *Faretta* Hearing after finding Lusk competent to stand trial during the hearing on November 28, 2022. *See Faretta v. California*, 422 U.S. 806 (1975).

The Sixth Amendment guarantees a criminal defendant the right to conduct his own defense and even represent himself. *Faretta*, 422 U.S. at 819–20. "Whenever a district court in the Sixth Circuit is faced with an accused who wishes to represent himself, the court must ask the defendant a series of questions drawn from, or substantially similar to, the model inquiry set forth in the Bench Book for United States District Judges." *United States v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004). The court must determine whether the defendant is knowingly, intelligently, and voluntarily waiving his right to counsel. *See Faretta*, 422 U.S. at 835–36.

5

During the hearing, the Court extensively advised Lusk about the perils of self-representation. The Court then asked Lusk questions concerning his familiarity with the law at issue in his case, his charges, the penalties he faces, and whether he is knowingly, intelligently, and voluntarily waiving his right to representation. While Lusk continued to be relatively evasive throughout the colloquy, the Court was ultimately satisfied with his responses, and Lusk repeated his desire to proceed without counsel multiple times. Moreover, based on Dr. Wendt's evaluation, the Court surmises that Lusk will be less disruptive if he is able to represent himself and not forced to work with counsel. Accordingly, the Court will grant Lusk's oral motion for self-representation. *See United States v. Hood*, 827 F. App'x 524, 528–29 (6th Cir. 2020) ("[S]o long as the defendant is competent and effectively waives counsel, he 'has the right, the constitutional right, to go it alone.'" (quoting *United States v. Tucci-Jarraf*, 939 F.3d 790, 794 (6th Cir. 2019)).

That being said, every time Lusk has made an in-court appearance, the Court has encountered difficulty maintaining the required degree of decorum in the courtroom. The Court described such behavior in its Order for Psychological Examination. *See* ECF No. 127. While the Court will not exact the same degree of professionalism and formality on Lusk during his self-representation as it does for licensed counsel, the Court does require a basic level of respect for the courtroom.

6

The Court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46 (citing *Illinois v. Allen*, 397 U.S. 337 (1970)). If Lusk continues to act disruptively, the Court will interpret his behavior as waiving his right to self-representation. *United States v. Pryor*, 842 F.3d 441, 450 (6th Cir. 2016) ("If a defendant may be removed from a courtroom for his disorderly behavior and waive his right to be present at trial, so too can he waive his right to act *pro se* and thus have appointed counsel act in his stead while he is removed from the courtroom."). The Court may also remove Lusk from the courtroom during trial if he acts disorderly, disruptively, or disrespectfully. *Allen*, 397 U.S. at 343 (1970) ("[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.").

Courts "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta*, 422 U.S. at 834 n.46. Lusk does not oppose the appointment of standby counsel, but he requested to proceed with a lawyer other

7

than Attorney Nacht. Accordingly, the Court finds there has been a breakdown of the attorney-client relationship and that good cause exists to grant Attorney Nacht's Motion to Withdraw as Counsel (ECF No. 146). *See Wilson v. Mintzes*, 761 F.2d 275, 280-81 (6th Cir. 1985). The Court will also appoint the Federal Community Defender to assign standby counsel for Lusk.

Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on it: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984). Accordingly, standby counsel should "assist[ Lusk] in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that [Lusk] has clearly shown he wishes to complete" and "help[] to ensure [Lusk's] compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. Standby counsel may also provide Lusk with legal assistance, at Lusk's request, before and during trial. Should Lusk need to consult with standby counsel during trial while the jury is seated, he may request an unscheduled recess by raising his hand and requesting time for "legal review." *See United States v. Austin*, No.

8

15-CR-20609, 2017 WL 4405027, at *2 (E.D. Mich. Oct. 4, 2017), *aff'd,* 797 F. App'x 233 (6th Cir. 2019).

### C. Government's Motion to Deny Hybrid Representation

On February 23, 2022, the Government filed a Motion to Deny Hybrid Representation and Strike Defendant's Pro Se Pleading. ECF No. 101. Specifically, the Government moved the Court to strike Lusk's *pro se* "Affidavit in Motion for Dismissal of Actions" (ECF No. 74)[2] and bar Lusk from future *pro se* filings while he is represented by counsel. *Id.* at PageID.447. Lusk timely responded. ECF No. 105.

The hearing on this motion, initially scheduled for March 31, 2022, was delayed for several reasons, including to allow Attorney Nacht to familiarize himself with the case after his appointment, so that Lusk could serve the thirty-day custodial sentence on his criminal contempt finding, and to permit Lusk to undergo a psychological evaluation to determine his competency to stand trial and/or represent himself. Because, as discussed *supra*, the Court is granting Lusk's motion for self-representation, the Government's motion is now moot. As such, the Court will direct

---

[2] Lusk's filing seems to incorporate an earlier filed "Memorandum of Law on Tinsley v. Pagliano in Support of Motion to Dismiss" (ECF No. 66). Given Lusk's *pro se* status, the Court will treat the filings collectively as a motion and supporting brief.

9

the Government to respond to Lusk's *pro se* motion to dismiss (ECF Nos. 66 and 74).

**D. ECF No. 196**

On November 28, 2022, Lusk filed a document he labeled "Exhibit P Notice Concerning Fiduciary Relationship." ECF No. 196. The document is an International Revenue Service Form 56 purporting to show that there is a "[f]iduciary interest of estate" between this Court and Lusk. *See id*. The document appears to include Lusk's social security number. *Id*. Federal Rule of Criminal Procedure 49.1(a) provides, in relevant part:[3]

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number[ or] taxpayer-identification number, . . . a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number . . . .

Accordingly, the Court will strike ECF No. 196 for noncompliance with the privacy rules in the Federal Rules of Criminal Procedure. If Lusk so chooses,

---

[3] Rule 49.1(a) also prohibits filings containing an individual's full home address, which Lusk also included in the document and in ECF 197. Fed. R. Crim. P. 49.1(a)(5). However, because Lusk is proceeding *pro se*, his contact information must be publicly available. *See* E.D. Mich. LR 11.2.

10

he may file a new version of the document with his social security number redacted.

### E. Bill of Particulars

During the competency hearing on November 28, 2022, Lusk made several oral requests for a bill of particulars. Pursuant to Federal Rule of Criminal Procedure 7(f), "[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." As stated on the record during the hearing, the Court will permit Lusk to properly move, in writing, for a bill of particulars. If Lusk would like to pursue this request, he must submit a motion by December 5, 2022 at 12:00 p.m. with the factual and legal support for why a bill of particulars is necessary. If the Government chooses to respond in opposition, it must do so by December 13, 2022 at 12:00 p.m.

### F. Motion to Set Status Conference (ECF No. 193)

On November 25, 2022, Lusk filed a "Motion to Set Status Conference." ECF No. 193. In it, he requests a conference be held to discuss the Speedy Trial Act and the Fourth Amendment to the United States Constitution. As discussed on the record, the Court will grant Lusk's motion and hold a status conference on January 3, 2023.

### G. Excludable Time

The Court notes that the period from February 23, 2022 through November 28, 2022 is properly excluded from the Speedy Trial Clock pursuant to 18 U.S.C. § 3161(h)(1)(D). Likewise, the period from April 5, 2022 through November 28, 2022 is also excludable pursuant to 18 U.S.C. § 3161(h)(1)(A).

Finally, the Court finds the ends of justice served by granting a continuance outweigh Lusk's and the public's interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Federal Community Defender will require sufficient time to assign standby counsel, and standby counsel will require time to familiarize himself or herself with the case, meet with Lusk, and review the discovery. Thus, without a continuance and necessary time to prepare, a miscarriage of justice will likely occur and/or Lusk will be denied the reasonable time necessary for effective preparation, taking into consideration the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Accordingly, the Court will grant a continuance excluding the period from November 28, 2022 through January 3, 2023 from the Speedy Trial Clock.

### III. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that:

12

- the Court finds Defendant Hugh Harold Lusk **COMPETENT** to stand trial;

- Defendant Lusk's oral motion for self-representation is **GRANTED**;

- Attorney Nacht's Motion to Withdraw as Counsel (ECF No. 146) is **GRANTED**;

- the Federal Community Defender's Office is **APPOINTED** to **ASSIGN** a CJA Panel attorney as standby counsel for Defendant Lusk;

- the Government's Motion to Deny Hybrid Representation and Strike Defendant's Pro Se Pleading (ECF No. 101) is **DENIED AS MOOT**;

- the Government is **DIRECTED** to respond to Defendant Lusk's *pro se* motion to dismiss (ECF Nos. 66 and 74) within **twenty-one days** of the date of this Opinion and Order;

- ECF No. 196 is **STRICKEN**;

- if Defendant Lusk chooses to file a motion for a bill of particulars, he must do so by **December 5, 2022 at 12:00 p.m.** If the Government chooses to respond in opposition, it must do so by **December 13, 2022 at 12:00 p.m.**; and

- the Government, Defendant Lusk, and his standby counsel are **ORDERED** to appear for a status conference on **January 3, 2023 at 11:00 a.m.**

**IT IS SO ORDERED**.

                                      s/Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2022

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 30, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager