UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

HUGH HAROLD LUSK,

  Defendant.

_____/

Case No. 21-cr-20307-GAD-KGA-1

U.S. District Court Judge
Gershwin A. Drain

**<u>OPINION AND ORDER DENYING DEFENDANT LUSK'S MOTION FOR A BILL OF PARTICULARS (ECF Nos. 200 and 212), DENYING DEFENDANT LUSK'S MOTION TO DISMISS (ECF Nos. 66 and 74), OVERRULING DEFENDANT LUSK'S CONSTITUTIONAL CHALLENGE PURSUANT TO FED. R. CIV. P. 5.1 (ECF No. 78), ACKNOWLEDGING LUSK'S *PRO SE* FILINGS (ECF No. 219), AND SETTING NEW DATES.</u>**

  **I.**  **INTRODUCTION**

On May 5, 2021, a grand jury charged Defendant Hugh Harold Lusk, and his codefendants, with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1). ECF No. 1. On September 14, 2021, a grand jury returned a Superseding Indictment charging Lusk with an additional count of aiding and abetting in the distribution of a

1

controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.[1] ECF No. 75.

Presently before the Court are Lusk's "Motion for Plaintiff to Produce Bill of Particulars" (ECF Nos. 200 and 212)[2] and motion to dismiss (ECF Nos. 66 and 74)[3]. The Government has responded to both motions. ECF Nos. 204, 207. Also before the Court is Lusk's "Unsworn Declaration of Rebuttal, Counterclaim Pursuant to F.R.C.P. 5.1 Rule Constitutional Challenge, Writ of Error" (ECF Nos. 71 and 78)[4] and "Notice List of Filings, Correction of Status and Certificate of Service" (ECF No. 219). Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these matters. Therefore, the Court will resolve the instant motions on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the

---

[1] When he appeared before the Court on November 28, 2022, Lusk took issue with the title "mister," so the Court will not use it to refer to him but means no disrespect by the omission.

[2] Lusk submitted his initial motion on December 2, 2022. ECF No. 200. He then filed the exact the same motion again on December 27, 2022. ECF No. 212.

[3] On August 30, 2021, Lusk filed an "Affidavit in Motion for Dismissal of Actions" (ECF No. 74) that seems to incorporate an earlier filed "Memorandum of Law on Tinsley v. Pagliaro in Support of Motion to Dismiss" (ECF No. 66). Given Lusk's *pro se* status, the Court construes the filings collectively as a motion and supporting brief.

[4] Lusk submitted an updated version of this document incorporating the additional offense he was charged with after the Superseding Indictment was issued. Otherwise, both filings raise the same arguments.

following reasons, the Court will **DENY** both motions, **OVERRULE** the constitutional challenge, and **ACKNOWLEDGE** the notice of Lusk's *pro se* filings.

## II. LAW & ANALYSIS

### A. Motion for a Bill of Particulars

#### 1. Background

Lusk requests the following in his motion for a bill of particulars:

1. With respect to Count One and Two, the date of the earliest statement and/or event, from a Natural Person, upon which the prosecution will rely to prove that the conspiracy to distribute resulting in a death and aiding and abetting existed.

2. With respect to Count One and Two, the nature of any and all statements and/or events, from a Natural Person, other than those already contained in the indictment, upon which the prosecution intends to rely to prove that the conspiracy to distribute resulting in a death and aiding and abetting existed.

3. With respect to Count One and Two, the date and nature of the earliest statement and/or event, from a Natural Person, upon which the prosecution will rely to establish when each defendant joined the conspiracy to distribute resulting in a death and aiding and abetting existed.

4. With respect to Count One and Two, the date and nature of the earliest statement and/or event, from a Natural Person, upon which the prosecution will rely to establish when all parties involved joined the conspiracy to distribute resulting in a death and aiding and abetting existed.

    5. The Jurisdiction and Authority of this Court.

    6. A copy of all 1099 forms and other tax forms filed or being filed with the Internal Revenue Service and I.R.S.

    7. A true copy of all Bonds created and submitted on behalf of Hugh Al Lusk a.k.a. Hugh Harold Lusk.

    8. A true copy of all contracts, Private and Public, that binds Hugh Al Lusk a.k.a. Hugh Harold Lusk to performance.

    9. Notice of the mixing of public and private debt having been created by the United State [*sic*] of America.

    10. A copy of the Letter of Authority from Probate Court stating that this Court has obtained Personal Representative position over Hugh Al Lusk a.k.a. Hugh Harold Lusk according to *M.C.L. 700 Estates and Protected Individuals Code*.

    11. The Nature of this Action.

ECF No. 200, PageID.1060–61.  In support of his motion, he cites to the Federal Rule of Criminal Procedure 7(f) and three cases providing the purpose of and legal standard for issuing a bill of particulars.  *Id.* at PageID.1061–62.  In opposition, the Government contends that the Superseding Indictment adequately details the charges against Lusk and that the Government has provided Lusk voluminous discovery.  *See generally* ECF No. 204.  For the following reasons, the Court will deny Lusk's motion.

### 2. Legal Standard

Federal Rule of Criminal Procedure 7(f) states:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The purpose of a bill of particulars is (1) "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial;" (2) "to avoid or minimize the danger of surprise at trial;" and (3) "to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). However, "[i]t is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). (collecting cases). As such, in determining whether a bill of particulars should issue, courts in the Sixth Circuit consider "whether the indictment sets forth the elements of the *offense charged* and sufficiently apprises the defendant of the *charges* to enable him to prepare for trial." *United States v. Martin*, 822 F.2d 1089, *3 (6th Cir. 1987) (table opinion) (emphasis in original) (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). "The decision to order a bill of

particulars is within the sound discretion of the trial court." *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (citation omitted).

### 3. Discussion

As a preliminary matter, Requests 6 and 8 through 10 are unrelated to the charges currently pending against Lusk. Therefore, to the extent that such items exist, it is not proper for Lusk to seek such information through a bill of particulars. *See Birmley*, 529 F.2d at 108. With respect to Request 7, the orders regarding Lusk's pretrial bond and conditions of release are available on the publicly available docket for this matter at ECF Nos. 22 and 23. Thus, the Court will deny the motion as to Requests 6 through 10.

To the extent Lusk seeks Request 5 to challenge this Court's jurisdiction over him, as he has in several prior filings, such a contention "is frivolous." *United States v. Goard*, 117 F.3d 1421, *1 (6th Cir. 1997) (table opinion). "Title 18 U.S.C. § 3231 explicitly vests federal district courts with jurisdiction over 'all offenses against the laws of the United States' and Article I, Section 8 of the United States Constitution empowers Congress to create, define, and punish crimes irrespective of where they are committed." *Id*. As such, Lusk "cannot negate the Court's jurisdiction over this criminal matter by arguing that he is not a person or is not subject to federal law." *United States v. Lavigne*, No. 21-20355, 2022 WL 2276331, at *6 (E.D. Mich. June 23, 2022), *appeal dismissed*, No. 22-1570 (6th Cir. 2022). "[F]ederal courts

uniformly have rejected such arguments as meritless." *Id.* (citing *United States v. Pryor*, 842 F.3d 441, 444 n.2, 448 (6th Cir. 2016); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017)). Moreover, "[a] bill of particulars emphatically is not the proper vehicle for" challenging "the Court's constitutional and statutory to try" a defendant. *Id.* at *6. Thus, the Court will deny Lusk's motion for a bill of particulars with respect to Request 5.

Lusk's Requests 1 through 4 and 11 fail for two reasons. First, the Superseding Indictment is sufficiently specific. The Sixth Circuit instructs that "[a] court does not abuse its discretion by denying a bill of particulars in light of a detailed indictment." *Salisbury*, 983 F.2d at 1375; *cf. United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." (citation omitted)), *cert. denied*, 444 U.S. 979 (1979). An indictment is sufficiently specific when the defendant can "discern the nature of the charges pending against him or the time frame in which the alleged acts occurred." *Martin*, 822 F.2d at*3 (citing *Kendall*, 665 F.2d at 134; *Birmley*, 529 F.2d at 108).

Here, a bill of particulars is unnecessary because the Superseding Indictment provides sufficient detail. The Superseding Indictment alleges that Lusk, and his codefendants, conspired to possess with the intent to distribute and conspired to distribute 40 or more grams of a substance containing a detectable amount of

fentanyl in the Southern Division of the Eastern District of Michigan from as early as in or about July 2016 continuing through at least on or about February 15, 2017 (Count One) and aided and abetted one another in distributing a substance containing a detectable amount of fentanyl that resulted in Victim AV-1's death in the Southern Division of the Eastern District of Michigan on or about September 22, 2016 (Count Two). ECF No. 75, PageID.265–67. The Court concludes this is "more than adequate to apprise [Lusk] of the charges against him and to protect him from double jeopardy." *United States v. Cooper*, 902 F.2d 1570, *2 (6th Cir. 1990) (table opinion).

Second, even though he labeled his motion as seeking a bill of particulars, Lusk's motion seeks discovery from the Government. Indeed, Lusk effectively requests all the evidence on which the Government intends to rely to prove the existence of the conspiracy and Lusk's participation in it. However, it is well-established that a bill of particulars is not a vehicle for discovery. *See, e.g., id.* ("A bill of particulars is not a discovery device and should not be used to obtain detailed disclosure of the government's evidence prior to trial." (citation and quotation marks omitted)). As such, a defendant is not entitled to "every detail about the conspiracy" so long as he can "discern the nature of the charges pending against him and the time frame in which the alleged acts occurred" and has "adequate information to prepare a defense." *United States v. Hayes*, 884 F.2d 1393, *3 (6th Cir. 1989) (table

8

opinion); *see also United States v. Blaney*, No. 11-20606, 2012 WL 553558, at *2 (E.D. Mich. Feb. 21, 2012) ("[A] bill of particulars [may not] be employed to compel the Government to provide the essential facts regarding the existence and formation of a conspiracy, including the overt acts which it intends to prove." (citing *Salisbury*, 983 F.2d at 1375)). As stated *supra*, the Court concludes the Superseding Indictment is sufficient to apprise Lusk of the charges against him and prevent the potential for double jeopardy.

Additionally, the Court notes that the Government has provided voluminous discovery to both Lusk and standby counsel, including

> reports detailing undercover drug buys; search warrants for residential premises, cell phones, and the installation of a tracking device; affidavits in support of those search warrants which detail the conspiracy and individual roles; phone records and reports summarizing the contents of phone records; debriefing statements by cooperating co-defendants; and other information that would assist defendant in understanding his charged role in the conspiracy.

ECF No. 204, PageID.1094–95. While the Court notes that Lusk refused to meet with his prior attorneys to review and/or discuss said discovery, that was not the Government's fault. Moreover, Lusk has his own copies of everything now that he is representing himself. Therefore, it is entirely likely that the information Lusk seeks has already been provided to him. Regardless, "[i]f a defendant has received extensive discovery from the government, a trial court's denial of a motion for bill

9

Case 2:21-cr-20307-GAD-KGA   ECF No. 220, PageID.1243   Filed 01/10/23   Page 10 of 19

of particulars does not hinder the defendant's ability to properly prepare for trial." *United States v. Jackson*, No. 2:16-CR-20799, 2019 WL 4602082, at *1 (E.D. Mich. Feb. 14, 2019) (citing *United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013); *United States v. Tillotson*, 490 F. App'x 775, 778 (6th Cir. 2012)). Thus, the Court will deny the motion for a bill of particulars with respect to Requests 1 through 4 and 11.

Accordingly, because the Court is not granting any of Lusk's requests, the Court will deny his motion for a bill of particulars.

**B. Motion to Dismiss**

 **1. Background**

In his "Affidavit in Motion for Dismissal of Actions" (ECF No. 74), Lusk asserts, *inter alia*, that this Court lacks jurisdiction "[d]ue to privately served circumstances, and to prevent the public loss of private affairs." *Id.* at PageID.257. The document also includes an "Order to Release Defendant from Indictment Voiding All Counter-Claims & Grievances from Obligations" purporting to be a settlement agreement between the Government and Lusk. *Id.* at PageID.260–62. His "Memorandum of Law on Tinsley v. Pagliano in Support of Motion to Dismiss" (ECF No. 66) seemingly argues that he is a foreign citizen, so the Eleventh Amendment bars his prosecution. *Id.* at PageID.150–51. He also seems to contend that the Court has a duty (1) to ensure the "claims" have sufficient empirical

10

evidence, (2) to ensure the "claims" are sufficient to grant the Court jurisdiction, (3) to ensure all witnesses are placed under oath; and (4) to not consider the statements of counsel as evidence. *Id.* at PageID.151–55.

In opposition, the Government argues that Lusk is subject to this Court's jurisdiction either because he is a natural born or naturalized citizen of the United States or because he committed a federal offense, the prosecution over which this Court has original jurisdiction. ECF No. 207, PageID.1125–27. Additionally, the Government asserts that the charges against Lusk are supported by competent, sworn evidence because properly constituted grand juries issued both the initial Indictment and the Superseding Indictment after finding probable cause that Lusk had committed federal criminal offenses within the Eastern District of Michigan. *Id.* at PageID.1127–28.

The pleadings of *pro se* litigants are held to a less stringent standard than those drafted by attorneys, and consequently, should be liberally construed. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Thus, the Court interprets Lusk's filings a challenge to its jurisdiction based on his purported status as a foreign citizen and a challenge to the evidentiary basis for the Superseding Indictment. For the following reasons, the Court will deny Lusk's motion to dismiss.

11

### 2. Legal Standard

As stated in Section 11.A.3 *supra*, "Title 18 U.S.C. § 3231 explicitly vests federal district courts with jurisdiction over 'all offenses against the laws of the United States' and Article I, Section 8 of the United States Constitution empowers Congress to create, define, and punish crimes irrespective of where they are committed." *Goard*, 117 F.3d at *1; *see also United States v. Cotton*, 535 U.S. 625, 630–31 (2002) ("[A] district court has jurisdiction of all crimes cognizable under the authority of the United States . . . ."). To invoke "subject matter jurisdiction, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (footnotes and quotation marks omitted). Additionally, pursuant to Federal Rule of Criminal Procedure 18, "the government must prosecute an offense in a district where the offense was committed." This requirement is based on Article III, Section 2, Paragraph 3 of the United States Constitution as well as the Sixth Amendment. Fed. R. Crim. P. 18 advisory committee note.

### 3. Discussion

Lusk's jurisdictional argument must fail. Indeed, his "legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans." *Coleman*, 871 F.3d

12

at 476 (collecting cases). As such, "[E]very court to have encountered [such arguments] has rejected them in a variety of contexts." *Lavigne*, 2022 WL 2276331, at *3 (collecting cases). The "[l]aws of the United States apply to all persons within its borders." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). Thus, even if Lusk is not a United States citizen, he still "has a duty to conform to the laws of the United States while residing here." *Ward-El v. Barrett*, No. 12-14282, 2012 WL 5929928, at *4 (E.D. Mich. Nov. 27, 2012) (quoting *Osiris v. Brown,* No. 05–3300, 2006 WL 208566, *1 (D.N.J. Jan. 24, 2006)); *see also Allah El v. Dist. Attorney for Bronx Cnty.,* No. 09–8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence").

For the reasons discussed in Section II.A.3 *supra*, Counts One and Two as charged in the Superseding Indictment sufficiently track the language of the relevant statutes Lusk is accused of violating. Moreover, Lusk does not contest that he resides in the Eastern District of Michigan. Indeed, he filed a "Notice re Contact/Address" stating that he "live[s] in the confines on [*sic*] [his] skin" in Southfield, Michigan. ECF No. 197, PageID.1044. As the Superseding Indictment charges that Lusk committed federal offenses in this District, this Court has

13

jurisdiction over Lusk and this criminal prosecution.[5] *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *Lavigne*, 2022 WL 2276331, at *6 ("[The defendant] cannot negate the Court's jurisdiction over this criminal matter by arguing that he is not a person or is not subject to federal law.").

Lusk's argument about the factual basis supporting the Superseding Indictment must also fail. It "has long been settled, that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (quoting, *Ex parte United States*, 287 U.S. 241, 250 (1932)). Lusk does not dispute that a grand jury charged Lusk with Counts One and Two of the Superseding Indictment. *See* ECF No. 75. Nor has he shown any defect in the Superseding Indictment. "Therefore, because [Lusk] was indicted pursuant to a determination made by the

---

[5] To the extent Lusk argues there is an insufficient factual basis to support the Superseding Indictment, which fails for the reasons discussed *infra*, "defects in an indictment do not deprive a court of its power to adjudicate a case" and thus are not "jurisdictional." *Cotton*, 535 U.S. at 630–31 (2002)

grand jury, he has no basis for his" claim that the Superseding Indictment is factually deficient. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (citation omitted).

Accordingly, the Court will deny Lusk's motion to dismiss.

### C. Constitutional Challenge

In his "Unsworn Declaration of Rebuttal, Counterclaim Pursuant to F.R.C.P. 5.1 Rule Constitutional Challenge, Writ of Error, and Certificate of Service" Lusk "denies" the charges against him and challenges the constitutionality of the statutes he is charged with violating. ECF Nos. 71 and 78. Federal Rule of Civil Procedure 5.1 provides the method by which a party may challenge the constitutionality of a state or federal statute. However, "[T]he Federal Rules of Civil Procedure do not apply to criminal proceedings." *United States v. Campbell*, 96 Fed. App'x. 966, 968 (6th Cir. 2004); *see also* Fed. R. Civ. P. 1 and 81. As such, "Rule 5.1 . . . is irrelevant to this criminal proceeding." *United States v. Cooper*, No. 5:17-CR-35-KKC, 2018 WL 988072, at *1 (E.D. Ky. Feb. 20, 2018). To the extent Lusk wanted to challenge the constitutionality of the Superseding Indictment or the charges therein, he should have done so via a motion to dismiss. Fed. R. Crim. P. 12(b)(3). Accordingly, the Court will overrule Lusk's constitutional challenge.

### D. Notice of *Pro Se* Filings

In his "Notice of List of Filings, Correction of Status and Certificate of Service" (ECF No. 219), Lusk "demands this Court to make itself aware of all the

15

filings Defendant has filed to this [c]ase." *Id.* at PageID.1233.  The Court previously reviewed the filings and it is not clear that any of them request action from the Court.  However, to put Lusk at ease, the Court addresses each filing below.  The Court has grouped the listed filings for ease of reference.

First, the Notice of Acceptance (ECF No. 56), Notice of Non-Response (ECF No. 57), Notice of Default (ECF NO. 72), Bond (ECF No. 52),[6] Certificate of Non-Response (ECF No. 53), Notice of Default (ECF No. 69), Certificate of Non-Response (ECF No. 70) all purport to establish and enforce a settlement agreement between Lusk and the Government.  As discussed on the record during the November 28, 2022 hearing, the Government has not reached any agreement with Lusk regarding this matter, and he is not, at this time, changing his plea.  Thus, to the extent these filings raise any issues, they are moot.

Second, The Letter to Defense Attorney (ECF No. 51) purports to accept the appointment of Attorney Claude Chapman as counsel in exchange for Attorney Chapman's bar certificate being held in escrow.  Attorney Chapman was Lusk's first of three attorneys.  He is now representing himself with the assistance of standby counsel.  As such, Lusk's dispute with Attorney Chapman is moot.

---

[6] For the avoidance of any confusion, as stated *supra*, the court orders detailing the conditions of Lusk's pretrial bond are available at ECF Nos. 22 and 23.

Third, the Court addressed the "Unsworn Declaration of Rebuttal, Counterclaim Pursuant to F.R.C.P. 5.1 Rule Constitutional Challenge, Writ of Error, and Certificate of Service" in Section III.C. *supra*. Finally, Lusk filed his "Affidavit & for Adjournment and Demand for Rehearing of Arraignment with Probable Cause (ECF No. 64) before being arraigned on the Superseding Indictment. As discussed in Section II.B.3. *supra*, the issuance of an indictment by a properly constituted grand jury "conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Higgason*, 288 F.3d at 877 (citation omitted). As such, these issues are moot as well.

### III. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Lusk's "Motion for Plaintiff to Produce Bill of Particulars" (ECF Nos. 200 and 212) is **DENIED**.

**IT IS FURTHER ORDERED** that Lusk's motion to dismiss (ECF Nos. 66 and 74) is **DENIED.**

**IT IS FURTHER ORDERED** that Lusk's constitutional challenge in his "Unsworn Declaration of Rebuttal, Counterclaim Pursuant to F.R.C.P. 5.1 Rule Constitutional Challenge, Writ of Error" (ECF No. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court finds the ends of justice served by granting a continuance from the date of this Opinion and Order until May 10, 2023, the currently scheduled trial date, outweigh the best interests of the public and the defendant in a speedy trial. As such, that said period shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The Court also notes that the period from the Court's Opinion and Order December 29, 2022 Committing Lusk's codefendant, Mr. Hill, to the custody of the Attorney General for competency restoration until the determination and disposition of Mr. Hill's mental capacity as outlined in 18 U.S.C. § 4241(d) constitute excludable delay under 18 U.S.C. § 3161(h)(1)(A), (h)(1)(F), (h)(4), and (h)6).

**IT IS FURTHER ORDERED** that the following dates shall govern this matter:

| | |
|---|---|
| Motions *in Limine* cutoff: | April 11, 2023 |
| Witness and Exhibit Lists due: | April 11, 2023 |
| Proposed voir dire and jury instructions due: | April 26, 2023 |
| *Lafler* Hearing: | April 26, 2023 at 2:30 p.m. |
| Final Pretrial Conference: | April 26, 2023 at 2:30 p.m. |
| Trial date: | May 10, 2023 at 9:00 a.m. |

**IT IS SO ORDERED**.

                                        /s/ Gershwin Drain
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE

Dated: January 10, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 10, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager