UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

HUGH HAROLD LUSK,

      Defendant.

_____/

Case No. 21-cr-20307-GAD-KGA-1

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER DENYING DEFENDANT LUSK'S RENEWED MOTION TO DISMISS INDICTMENT (ECF Nos. 241 and 244) TAKING GOVERNMENT'S MOTION TO ADJOURN HUGH LUSK'S TRIAL DATE (ECF No. 245) UNDER ADVISEMENT AND SETTING NEW DATES**

## I. INTRODUCTION

On May 5, 2021, a grand jury charged Defendants Hugh Harold Lusk and Robert "Unc" Hill, along with four codefendants, in a seventeen-count indictment arising out of a drug conspiracy. ECF No. 1. As relevant here, both Lusk and Mr. Hill were charged with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).[1] *Id.* at

_____

[1] Defendant Lusk has repeatedly taken issue with the title "Mister," so the Court does not use it to refer to him. No disrespect is meant by the omission.

1

PageID.12.  On September 14, 2021, a grand jury returned a Superseding Indictment charging both Defendants with an additional count of aiding and abetting in the distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  ECF No. 75, PageID.266–67.

Presently before the Court is Lusk's motion to dismiss, filed on March 6, 2023 and again on March 16, 2023 (hereinafter "Renewed Motion to Dismiss").  ECF Nos. 241 and 244.[2]  The Government has responded.  ECF No. 246.  Also presently before the Court is the Government's Motion to Adjourn Hugh Lusk's Trial Date.  ECF No. 245.  Lusk did not respond to the Motion in the time allotted under the Local Rules.  *See* E.D. Mich. LR 7.1(e)(1).  The Court held a hearing on these Motions on April 13, 2023.  For the following reasons, the Court **DENIES** Defendant Lusk's Renewed Motion to Dismiss (ECF Nos. 241 and 244) and **TAKES** the Government's Motion to Adjourn Hugh Lusk's Trial Date (ECF No. 245) **UNDER ADVISEMENT**.

---

[2] ECF No. 244 is the same as ECF No. 241 except that it contains an additional "Appearance and Proof of Service," indicating that Lusk is appearing on behalf of himself.  *See* ECF No. 244, PageID.1386.

2

## II.   MOTION TO DISMISS

### A. Background

Lusk previously filed a motion to dismiss in this matter.   Specifically, on August 30, 2021, he filed an "Affidavit in Motion for Dismissal of Actions," ECF No. 74, that seemed to incorporate an earlier filed "Memorandum of Law on Tinsley v. Pagliaro in Support of Motion to Dismiss," ECF No. 66.   Lusk's pleadings seemed to argue that, *inter alia*, the Court lacked jurisdiction over him and the Eleventh Amendment barred his prosecution because he is a foreign citizen.   *See generally* ECF Nos. 66, 74.   The Court construed the filings collectively as a motion and supporting brief.   ECF No. 220, PageID.1235 n.3.   Of particular relevance here, in denying Lusk's motion, the Court explained the basis of its jurisdiction over Lusk and the instant criminal prosecution.   *Id.* at PageID.1246–47.

In the instant Renewed Motion to Dismiss, Lusk seeks relief based on several grounds.   ECF No. 244.   First, he asserts, under Federal Rule of Criminal Procedure 12(b)(3), that he is "Irrevocable Trust Property" and that this Court "lacks jurisdiction to adjudicate matters of Civil Damages or Death," and thus lacks subject matter jurisdiction over him.[3]   *Id.* at PageID.1383–84.   In so doing, Lusk seemingly

---

[3] While Lusk refers to Federal Rule of Criminal Procedure 12(b)(3), this is incorrect. Rule 12(b)(2) governs motions to dismiss an indictment for lack of jurisdiction, so the Court presumes he meant to refer to Rule 12(b)(2).

3

refers to the assertion he has raised at several court appearances, including the April 13, 2023 hearing, that he is a "natural person."[4]  As a result of his purported status, Lusk argues, under Federal Rule of Civil Procedure 12(b)(3), that venue is improper and, under Federal Rule of Civil Procedure 12(b)(6), that the Government "has failed to state a claim for which relief can be granted."  *Id*.  Next, Lusk contends that, pursuant to *Clearfield Trust Company v. United States*, 318 U.S. 363 (1943), a corporation cannot bring a claim or suit against a trust.  *Id.* at PageID.1384.  Finally, Lusk claims the Court erred in overruling his constitutional challenge under Federal Rules of Civil Procedure 5.1.  *Id*.

### B. Law & Analysis

Lusk's jurisdictional argument is unavailing.  As this Court has previously explained:

> "Title 18 U.S.C. § 3231 explicitly vests federal district courts with jurisdiction over 'all offenses against the laws of the United States' and Article I, Section 8 of the United States Constitution empowers Congress to create, define, and punish crimes irrespective of where they are committed." [*United States v. Goard*, 117 F.3d 1421, *1 (6th Cir. 1997) (table opinion)]; *see also United States v. Cotton*, 535 U.S. 625, 630–31 (2002) ("[A] district court has jurisdiction of all crimes

---

[4] *See United States v. Burnett*, No. 3:14-00173, 2015 WL 1906026, at *2 (M.D. Tenn. Apr. 20, 2015) (describing "the theory that a defendant is a 'sovereign citizen' and a 'natural person' and therefore not subject to the laws of the United States or the jurisdiction of a district court that has been rejected by the Sixth Circuit" (citing *United States v. McCaskill*, 48 F. App'x. 961, 961 (6th Cir. Oct. 21, 2002)).

4

cognizable under the authority of the United States . . . .").  To invoke "subject matter jurisdiction, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute."  *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (footnotes and quotation marks omitted). Additionally, pursuant to Federal Rule of Criminal Procedure 18, "the government must prosecute an offense in a district where the offense was committed."  This requirement is based on Article III, Section 2, Paragraph 3 of the United States Constitution as well as the Sixth Amendment.  Fed. R. Crim. P. 18 advisory committee note.

ECF No. 220, PageID.1246 (first alteration added).

Here, the court has jurisdiction because the Superseding Indictment alleges in Count One that Lusk, and his codefendants, conspired to possess with the intent to distribute and conspired to distribute 40 or more grams of a substance containing a detectable amount of fentanyl in the Southern Division of the Eastern District of Michigan from as early as in or about July 2016 continuing through at least on or about February 15, 2017, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(vi).  ECF No. 75, PageID.265–66.  Count Two alleges that Lusk, and his codefendants, aided and abetted one another in distributing a substance containing a detectable amount of fentanyl that resulted in Victim AV-1's death in the Southern Division of the Eastern District of Michigan on or about September 22, 2016, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(C).  *Id.* at PageID.266–67.  The Superseding Indictment thus "charge[s] [Lusk] with []

5

offense[s] against the United States in language similar to that used by the relevant statute[s]." *Scruggs*, 714 F.3d at 262 (footnotes and quotation marks omitted). This invokes the Court's subject matter jurisdiction over both Lusk and this criminal prosecution. Additionally, for the sake of completeness, the Court notes that venue is proper in the Eastern District of Michigan because Lusk is alleged to have committed the offenses in this District. *See* Fed. R. Crim. P. 18. Thus, Lusk is not entitled to relief under Federal Rule of Criminal Procedure 12(b)(2) or 12(b)(3)(A)(i).

During his various court appearances, Lusk has mentioned admiralty and common law jurisdiction as well as the Uniform Commercial Code (U.C.C.). He also submitted to the docket documents purporting to be executive orders concerning the U.C.C. *See* ECF No. 248. Although he did not explicitly raise these particular jurisdictional arguments or the U.C.C. in his Renewed Motion to Dismiss, the Court addresses them because Lusk has raised them several times and they seem to motivate his challenges to the Court's jurisdiction.

Lusk's comments "directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017). According to these adherents

6

the Constitution recognized three types of court jurisdiction: law, equity, and admiralty.  Jurisdiction in law refers to common law, which requires an injury to a person or property before a crime or tort is committed.  Equity jurisdiction requires a written contract.  Admiralty jurisdiction, once limited to the high seas, has illegitimately expanded to include international contract and has both civil and criminal penalties.  All federal district courts are courts of admiralty that are not bound by the Constitution when they sit in admiralty.  Statutory law, which is antithetical to the Sovereign Citizen interpretation of common law because it imposes penalties for crimes that do not injure people or property, is enforced under admiralty jurisdiction.

. . .

Under admiralty law, the Uniform Commercial Code (U.C.C.) has replaced the substantive common law.  The U.C.C. provides the basis for the federal government contracts that bind people into federal citizenship because, according to the Sovereign Citizens, it allows the government to enforce a contract based only on a party's acceptance of the benefits of the contract.

Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785, 804–06 (1999) (footnotes omitted).

Unfortunately for Lusk, "every court to have encountered those premises has rejected them in a variety of contexts."  *United States v. Lavigne*, No. 21-20355, 2022 WL 2276331, at *3 (E.D. Mich. June 23, 2022) (collecting cases), *appeal dismissed*, No. 22-1570 (6th Cir. 2022).  Indeed, "federal courts uniformly have rejected such arguments as meritless."  *Id.* (citing *United States v. Pryor*, 842 F.3d

7

441, 444 n.2, 448 (6th Cir. 2016); *Coleman*, 871 F.3d at 476). The basis for the Court's jurisdiction is as laid out *supra*; Lusk's assertions otherwise are unavailing, and he is not entitled to relief under Federal Rule of Criminal Procedure 12(b).

Furthermore, Lusk's arguments under Federal Rules of Civil Procedure 5.1, 12(b)(3), and 12(b)(6) are inapposite. The Federal Rules of Civil Procedure "govern the procedure in all *civil* actions and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1 (emphasis added). Rule 81 enumerates additional non-criminal actions to which the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81. Thus, as this Court has already explained, "[t]he Federal Rules of Civil Procedure do not apply to criminal proceedings." ECF No. 220, PageID.1248 (quoting *United States v. Campbell*, 96 Fed. App'x. 966, 968 (6th Cir. 2004)) (citing Fed. R. Civ. P. 1 and 81). As such, Lusk is not entitled to relief under Federal Rules of Civil Procedure 5.1, 12(b)(3), or 12(b)(6).

### C. Enjoining Future Filings

In response to Lusk's Renewed Motion to Dismiss, the Government requested that this Court enjoin Lusk from filing additional motions under Local Rule 5.2. ECF No. 246, PageID.1408 (quoting E.D. Mich. LR 5.2). While the Court agrees with the Government that Lusk's filings have been repetitive and frivolous, it is not clear from the text of Local Rule 5.2, which refers to "filing actions," that it should

8

apply to criminal defendants.  Nor was the Court able to find any legal authority in this Circuit to support enjoining a criminal litigant.  However, this is the second time the Court has addressed Lusk's meritless jurisdictional arguments in writing, and it has done so countless times on the record during hearings.  While jurisdictional challenges can be raised at any time, Fed. R. Crim. P. 12(b)(2), the Court will not require the Government to continue to expend resources responding to repetitive and meritless motions or waste its own resources addressing issues it has already resolved.  Accordingly, to the extent Lusk chooses to raise these issues again in future filings, they are again rejected, but the issues will be preserved for appeal. Additionally, as stated on the record, further attempts to raise these issues orally, particularly Lusk's argument that he is not a "natural person" or is a "trust" may result in him being found in contempt of court.

### III.   MOTION TO ADJOURN

On December 29, 2022, the Court issued an Opinion and Order Committing Defendant Hill to the Custody of the Attorney General for Competency Restoration. ECF No. 217.  Mr. Hill was ordered to self-surrender upon receiving a notice that the Bureau of Prisons has a bed available for him to begin the competency restoration process.  *Id.* at PageID.1229.  However, this is not expected to occur until September 2023, and he is not expected to be able to proceed to trial, if at all, until early 2024.

9

Prior to learning Mr. Hill's self-surrender date, the Court scheduled Mr. Lusk for trial on May 10, 2023, ECF No. 220, which can only be maintained if Defendants Hill and Lusk are severed.  The Government opposes severance and has instead moved to adjourn the trial date.  *See* ECF No. 245.  As stated *supra*, Lusk did not respond to the Government's Motion to Adjourn.  When questioned at the April 13, 2023 hearing about whether he would like to be severed from Mr. Hill, and proceed to trial on May 10th or remain joined to Mr. Hill and wait to go to trial until Mr. Hill is restored to competency,[5] Lusk stated that he needed more time to answer.  Accordingly, as stated on the record, Lusk has until 2:00 p.m. on April 17, 2023 to inform the Court whether he would like to be severed from Mr. Hill and proceed to trial on May 10, 2023 or remain joined.  The Court will resolve the Government's Motion to Adjourn at that time.

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Defendant Lusk's Renewed Motion to Dismiss (ECF Nos. 241 and 244) is **DENIED**.  Lusk is **ADVISED** that to the extent he chooses to raise these same meritless jurisdictional arguments again in future filings, they are again rejected, but

---

[5] The Court informed Lusk during the hearing that Mr. Hill might not be ready for trial until next year.

10

the issues will be preserved for appeal.  Additionally, further attempts to raise these issues orally, particularly Lusk's argument that he is not a "natural person" or is a "trust" and thus not subject to this Court's jurisdiction, may result in him being found in contempt of court.

**IT IS FURTHER ORDERED** that the Government's Motion to Adjourn Hugh Lusk's Trial Date (ECF No. 245) is **TAKEN UNDER ADVISEMENT**.

**IT IS FURTHER ORDERED** that the Government, Lusk, and his standby counsel, are **ORDERED** to **APPEAR** before this Court on **April 17, 2023 at 2:00 p.m.** for a hearing on the Government's Motion to Adjourn.  At that time, Lusk is **REQUIRED** to inform the Court whether he wishes to be severed from Mr. Hill and proceed to trial on May 10, 2023 or to remain joined to Mr. Hill and wait for trial until Mr. Hill is restored to competency.

**IT IS FURTHER ORDERED** that the Witness List and Motions *in Limine* deadline **SHALL BE EXTENDED** from April 17, 2023 to **April 19, 2023**.  The other dates listed in this Court's April 10, 2023 Order shall remain in effect.

11

**IT IS SO ORDERED**.


 _s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2023




CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 13, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

12