UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HUGH HAROLD LUSK,

    Defendant.

_____/

Case No. 21-cr-20307-GAD-KGA-1

U.S. District Court Judge
Gershwin A. Drain

**<u>OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO ADJOURN HUGH LUSK'S TRIAL DATE (ECF No. 245), DENYING LUSK'S SECOND RENEWED MOTION TO DISMISS (ECF Nos. 252 and 255), TAKING LUSK'S MOTION FOR SPECIFIC DISCOVERY (ECF Nos. 253 and 254) UNDER ADVISEMENT, AND VACATING DATES IN APRIL 10 AND 13, 2023 ORDERS</u>**

**I.    INTRODUCTION**

On May 5, 2021, a grand jury charged Defendants Hugh Harold Lusk and Robert "Unc" Hill, along with four codefendants, in a seventeen-count indictment arising out of a drug conspiracy. ECF No. 1. As relevant here, both Lusk and Mr. Hill were charged with one count of conspiracy to possess with intent to distribute a

1

controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [1] *Id.* at PageID.12. On September 14, 2021, a grand jury returned a Superseding Indictment charging both Defendants, and their codefendants, with an additional count of aiding and abetting in the distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. ECF No. 75, PageID.266–67.

Presently before the Court is the Government's Motion to Adjourn Hugh Lusk's Trial Date (hereinafter "Motion to Adjourn"). ECF No. 245. The Court held a hearing on this matter on April 13, 2023 and April 17, 2023. At the April 17, 2023 hearing, Lusk presented the Court with two motions that he had filed with the Clerk's Office earlier that day but had not yet been submitted to the docket. He then filed the exact same documents again on April 19, 2023. Thus, also before the Court are Lusk's Second Renewed Motion to Dismiss, ECF Nos. 252 and 255, and Lusk's Motion for Specific Discovery from All U.S. Law Enforcement, ECF Nos. 253 and 254. For the following reasons, the Court **GRANTS** the Government's Motion to Adjourn (ECF No. 245), **DENIES** Lusk's Motion to Dismiss (ECF Nos. 252 and

---

[1] Defendant Lusk has repeatedly taken issue with the title "Mister," so the Court does not use it to refer to him. No disrespect is meant by the omission.

2

255), and **TAKES** Lusk's Motion for Specific Discovery (ECF Nos. 253 and 254) **UNDER ADVISEMENT**.

## II. MOTION TO ADJOURN

As the Court explained in its April 13, 2023 Opinion and Order:

> On December 29, 2022, the Court issued an Opinion and Order Committing Defendant Hill to the Custody of the Attorney General for Competency Restoration. ECF No. 217. Mr. Hill was ordered to self-surrender upon receiving a notice that the Bureau of Prisons has a bed available for him to begin the competency restoration process. *Id.* at PageID.1229. However, this is not expected to occur until September 2023, and he is not expected to be able to proceed to trial, if at all, until early 2024.
>
> Prior to learning Mr. Hill's self-surrender date, the Court scheduled Mr. Lusk for trial on May 10, 2023, ECF No. 220, which can only be maintained if Defendants Hill and Lusk are severed. The Government opposes severance and has instead moved to adjourn the trial date. *See* ECF No. 245.

ECF No. 249, PageID.1435.

The Government filed its Motion to Adjourn on March 20, 2023. ECF No. 245. Lusk did not respond to the Motion during the time allotted under this Court's Local Rules. *See* E.D. Mich. LR 7.1(e)(1). Nor was he prepared, at the initial hearing set for the motion on April 13, 2023, to decide whether he wanted to be severed from Mr. Hill and proceed to trial on May 10th or to remain joined with Mr.

3

Hill and go to trial when Mr. Hill is restored to competency. Accordingly, the Court ordered Lusk to appear on April 17, 2023 to inform the Court, the Government, and his standby counsel whether he wanted to proceed to trial on May 10, 2023. ECF No. 249, PageID.1436.

During the April 17, 2023 hearing, the Court advised Lusk that he has a right to a speedy trial and that if he chose to remain joined with Mr. Hill, he would be waiving that right until the determination and disposition of Mr. Hill's mental capacity. *See* 18 U.S.C. § 3161(h)(1)(A), (h)(1)(F), (h)(4), and (h)6). The Court also remined Lusk that Mr. Hill would likely not be ready to proceed to trial, if at all, until next year. Lusk confirmed that he was aware of his right and that the "trial would be held up under the circumstances." He also confirmed that he did not have any questions about his right. Nevertheless, Lusk "oppos[ed] going to trial in May" and confirmed that he wanted to wait for Mr. Hill.

Given the agreement of the parties, the Government's Motion to Adjourn (ECF No. 245) is **GRANTED**. Defendants Lusk and Hill remain joined and will proceed to trial together after the resolution of Mr. Hill's competency restoration process.

4

### III. MOTION TO DISMISS

As described in the Court's April 13, 2023 Opinion and Order, Lusk has filed several motions to dismiss in this matter

Lusk previously filed a motion to dismiss in this matter. Specifically, on August 30, 2021, he filed an "Affidavit in Motion for Dismissal of Actions," ECF No. 74, that seemed to incorporate an earlier filed "Memorandum of Law on Tinsley v. Pagliaro in Support of Motion to Dismiss," ECF No. 66. Lusk's pleadings seemed to argue that, *inter alia*, the Court lacked jurisdiction over him and the Eleventh Amendment barred his prosecution because he is a foreign citizen. *See generally* ECF Nos. 66, 74. The Court construed the filings collectively as a motion and supporting brief. ECF No. 220, PageID.1235 n.3. Of particular relevance here, in denying Lusk's motion, the Court explained the basis of its jurisdiction over Lusk and the instant criminal prosecution. *Id.* at PageID.1246–47.

In the instant Renewed Motion to Dismiss, Lusk seeks relief based on several grounds.[2] ECF No. 244. First, he asserts, under Federal Rule of Criminal Procedure 12(b)(3), that he is "Irrevocable Trust Property" and that this Court "lacks jurisdiction to adjudicate matters of Civil Damages or Death," and thus lacks subject matter jurisdiction over him.[3] *Id.* at PageID.1383–84. In so doing, Lusk seemingly refers to the assertion he has raised at several court appearances, including the

---

[2] Lusk first ECF No. 241 on March 6, 202 and the ECF No. 244 on March 16, 2023. However, the documents appear to be the same except that ECF No. 244 contains an additional "Appearance and Proof of Service," indicating that Lusk is appearing on behalf of himself. *See* ECF No. 244, PageID.1386.

[3] While Lusk refers to Federal Rule of Criminal Procedure 12(b)(3), this is incorrect. Rule 12(b)(2) governs motions to dismiss an indictment for lack of jurisdiction, so the Court presumes he meant to refer to Rule 12(b)(2).

5

April 13, 2023 hearing, that he is a "natural person."⁴ As a result of his purported status, Lusk argues, under Federal Rule of Civil Procedure 12(b)(3), that venue is improper and, under Federal Rule of Civil Procedure 12(b)(6), that the Government "has failed to state a claim for which relief can be granted." *Id.* Next, Lusk contends that, pursuant to *Clearfield Trust Company v. United States*, 318 U.S. 363 (1943), a corporation cannot bring a claim or suit against a trust. *Id.* at PageID.1384. Finally, Lusk claims the Court erred in overruling his constitutional challenge under Federal Rules of Civil Procedure 5.1. *Id.*

ECF No. 249, PageID.1428 (second footnote added).

Lusk's Second Renewed Motion to Dismiss raises the same arguments as his previous motions. He argues under Federal Rule of Criminal Procedure 12(b)(2) and (b)(3)(B)(v) that this Court lacks jurisdiction over him and that the Government has failed to state a claim against him, respectively. ECF No. 252, PageID.1443–44.⁵ He also seeks relief pursuant to Federal Rules of Civil Procedure 5.1 as well as 12(b)(3) and (b)(6). *Id.* Indeed, the document appears to be exactly the same as ECF Nos. 241 and 244 except for the

---

⁴ *See United States v. Burnett*, No. 3:14-00173, 2015 WL 1906026, at *2 (M.D. Tenn. Apr. 20, 2015) (describing "the theory that a defendant is a 'sovereign citizen' and a 'natural person' and therefore not subject to the laws of the United States or the jurisdiction of a district court that has been rejected by the Sixth Circuit" (citing *United States v. McCaskill*, 48 F. App'x. 961, 961 (6th Cir. Oct. 21, 2002)).

⁵ For ease of reference and because it is the same document at ECF No. 255, the Court only cites to ECF No. 252.

6

additional reference to Federal Rule of Criminal Procedure (b)(3)(B)(v). *Compare* ECF No. 244 *with* ECF No. 252.

The Court warned Lusk that it would "not require the Government to continue to expend resources responding to repetitive and meritless motions or waste its own resources addressing issues it has already resolved." ECF No. 249, PageID.1434. Thus, Lusk's jurisdictional arguments under Federal Rule of Criminal Procedure 12(b)(2) and his arguments under the Federal Rules of Civil Procedure are rejected for the same reasons as explained in this Court's April 13, 2023 Opinion and Order. ECF No. 249, PageID.1430–33. Additionally, Lusk's argument that the Government has failed to state a claim under Federal Rule of Criminal Procedure 12(b)(3) are denied for the reasons discussed in the Court's January 10, 2023 Opinion and Order. *See* ECF No. 220, PageID.1240–41 (finding the Superseding Indictment "sufficiently specific" such that a bill of particulars was not warranted); *id.* at PageID.1247–48 (finding that the Superseding Indictment provides a sufficient factual basis to support the prosecution); *see also Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) ("[It] has long been settled, that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the

7

purpose of holding the accused to answer.'" (quoting, *Ex parte United States*, 287 U.S. 241, 250 (1932))). Accordingly, Lusk's Second Renewed Motion to Dismiss is **DENIED**.

### IV. MOTION FOR SPECIFIC DISCOVERY

Finally, Lusk's Motion for Specific Discovery "demand[s] that;"

> 1. [He] be furnished a copy of the accusations, video and audio recordings and a list of the witnesses on whose testimony the charge against [him] is founded.
>
> 2. The warrant support[ed] by oath, or affirmation, particularly describing the place or places to be searched and the person or things to be seized that gave all U.S. Law Enforcement probable cause, that allowed officers to search and seize initially.

ECF No. 253, PageID.1447.[6]

Lusk has, at several court appearances, indicated that he does not have all the discovery in this case. As such, during Lusk's competency hearing on November 28, 2022, the Court directed Attorney Nacht, Lusk's previous counsel to turn the discovery he had received in the matter to Lusk because he was proceeding *pro se* as of that point. The Government also offered to mail all the discovery to Lusk's address of record, which the Government later confirmed to the Court that it had

---

[6] For ease of reference and because it is the same as ECF No. 254, the Court only cites to ECF No. 253.

8

done. When Lusk again complained that he was missing discovery at a hearing on March 10, 2023, the Court directed the Government to have someone from the United States Attorney's Office hand deliver the discovery to Lusk in the Courthouse. This happened shortly after the hearing adjourned in the hallway outside of the undersigned's chambers. ECF No. 245, PageID.1399 n.1. As he explained on the record during the April 17, 2023 hearing, Lusk filed the instant Motion for Specific Discovery because he wants to ensure that he has received all the discovery to which he is entitled.

This Court is satisfied that the Government has been satisfying its discovery obligations. Nevertheless, given Lusk's *pro se* status and out of an abundance of caution, the Court will **TAKE** Lusk's Motion for Specific Discovery (ECF No. 253) **UNDER ADVISEMENT** so that the parties may address Lusk's discovery concerns as outlined in Section V *infra*.

### V. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the Government's Motion to Adjourn Hugh Lusk's Trial Date (ECF No. 245) is **GRANTED**. Defendants Lusk and Hill remain joined and will proceed to trial together after the determination and disposition of Mr. Hill's mental capacity.

9

**IT IS FURTHER ORDERED** that the deadlines listed in the Court's April 10, 2023 and April 13, 2023 Orders are **VACATED**. The Government, Lusk, and his standby counsel are **ORDERED** to **APPEAR** before this Court for a status conference on **September 14, 2023 at 2:00 p.m.**

**IT IS FURTHER ORDERED** that Defendant Lusk's Second Renewed Motion to Dismiss (ECF Nos. 252 and 255) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Lusk's Motion for Specific Discovery (ECF Nos. 253 and 254) is **TAKEN UNDER ADVISEMENT**. The Government is **ORDERED** to respond to the Motion within **fourteen (14) days** of the date of this Opinion and Order. The response should include an index of the all the discovery in this case and when it was produced to Lusk and/or one of his prior attorneys. Once the Government has submitted a response, the Government, Lusk, and his standby counsel are **ORDERED** to **APPEAR** before the Court on **June 8, 2023 at 3:00 p.m.** Lusk is **ORDERED** to bring an index of all the discovery he has received, along with copies of the discovery itself, so the Court can confirm that Lusk has copies of everything the Government has given him. The Government is **ADVISED** to bring extra copies of all the discovery in case it becomes necessary to provide Lusk with additional copies of anything.

**IT IS SO ORDERED**.

/s/ Gershwin Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

Dated: April 19, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 19, 2023, by electronic and/or ordinary mail.

/s/ Teresa McGovern  
Case Manager