UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HUGH HAROLD LUSK,

    Defendant.
_____/

Case No. 21-cr-20307-GAD-KGA-1

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER GRANTING GOVERNMENT'S MOTION FOR PROTECTIVE ORDER (ECF No. 261) AND PROTECTIVE ORDER REGARDING DISCOVERY PRODUCED TO DEFENDANT LUSK

### I. INTRODUCTION

On May 5, 2021, a grand jury charged Defendants Hugh Harold Lusk, along with five codefendants, in a seventeen-count indictment arising out of a drug conspiracy.  ECF No. 1.  Lusk was charged with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [1]  *Id.* at PageID.12.  On September 14, 2021, a grand jury returned a

---

[1] Defendant Lusk has repeatedly taken issue with the title "Mister," so the Court does not use it to refer to him.  No disrespect is meant by the omission.

1

Superseding Indictment charging Lusk, and his codefendants, with an additional count of aiding and abetting in the distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. ECF No. 75, PageID.266–67.

Presently before the Court is the Government's Motion for Protective Order, which was filed on May 3, 2023. ECF No. 261. Lusk has not responded, and the time to do so has passed. *See* E.D. Mich. LCrR 12.1 (incorporating by reference E.D. Mich. LR 7.1(e)). He has thus waived his opposition to the Government's Motion. *See id.* (incorporating by reference E.D. Mich. LR 7.1(c)). Upon review of the Government's Motion, the Court determines that a hearing would not aid in the disposition of this matter. *See id.* (incorporating by reference E.D. Mich. LR 7.1(f)). For the following reasons, the Government's Motion for Protective Order (ECF No. 261) is **GRANTED**.

## II.    LAW & ANALYSIS

Federal Rule of Criminal Procedure 16(d)(1) provides, "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." As another Court in this Circuit has explained,

> "Although the Rule does not define 'good cause,' the Advisory Committee expressly sanctions the imposition of a protective order 'where there is reason to believe that a witness would be subject to

2

> physical . . . harm[.]'" *United States v. Mitchell*, 2016 WL 7076991, at *2 (D. Me. Dec. 5, 2016); *see United States v. Fort*, 472 F.3d 1106, 1131 (9th Cir. 2007) ("The Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule."). "The Government, of course, has the burden of showing the requisite good cause." *United States v. Yassine*, 574 Fed. App'x. 455, 461 (5th Cir. 2014) (citing *United States v. Carriles*, 654 F. Supp. 2d 557, 565–66 (W.D. Tex. 2009)). "Defendants ha[ve] the burden of showing the protective order would cause prejudice." *Id.*; *see United States v. Davis*, 809 F.2d 1194, 1210 (6th Cir. 1987) (rejecting defendant's argument that protective order was improper where he failed to show prejudice).

*United States v. Darden*, No. 3:17-CR-00124, 2017 WL 3700340, at *1 (M.D. Tenn. Aug. 28, 2017). Courts have also issued protective orders when video footage contains sensitive information that would be difficult to redact. *See United States v. Brown*, No. 3:22-CR-33-BJB, 2022 WL 9936378, at *2 (W.D. Ky. Oct. 17, 2022) (citing *United States v. Dixon*, 355 F. Supp. 3d 1, 8 (D.D.C. 2019); *United States v. Cudd*, 534 F. Supp. 3d 48, 53 (D.D.C. 2021)).

In support of its Motion for Protective Order, the Government notes that it has provided Lusk with "phone numbers, home addresses, and [the identity of] persons who have met with law enforcement and may be called as witnesses at trial." ECF No. 261, PageID.1510. The discovery also "includes grand jury transcripts, search warrants and applications, reports of witness interviews, and several forensic phone

3

analyses with personal information, such as photos, videos, texts, emails, and contacts." *Id*. The Government asserts that "[g]iven the voluminous nature of discovery in this case, only limited redaction has been feasible." The Government also notes that Lusk, who is currently *pro se*, has filed numerous *pro se* motions and has already been found in contempt of Court. *Id.* at PageID.1509.

The Government's proposed order is narrowly tailored towards stopping the dissemination of sensitive information to people other than Lusk, Lusk's attorneys of record (including standby counsel), and any employees of the attorneys of record performing work on behalf of Lusk, including any defense investigators. Lusk has not responded to the Government's motion, and has thus not indicated how, if at all, the proposed protective order would prejudice him. Indeed, the Court finds that it would not. The proposed order does not stop Lusk from receiving discovery or preparing his defense. The Court also finds the Government has shown good cause for its proposed protective order. The Court notes that many of Lusk's *pro se* filings have included copies of letters between him and his attorneys, documents with his unredacted social security number on them, and other information that would not ordinarily be filed on the public docket. *See e.g.*, ECF Nos. 51, 248. Given Lusk's filing history, *pro se* status, and the sensitive information he has received and will

4

continue to receive through discovery, the Court concludes that the proposed protective order is appropriate.

### III. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the Government's Motion for Protective Order (ECF No. 261) is **GRANTED**.

### IV. PROTECTIVE ORDER

Due to the sensitive nature of the discovery materials, which includes confidential materials, the disclosure of which might impact the privacy interest of the defendants, witnesses, victims, and third parties, the following restrictions on the use and disclosure of the discovery materials is ordered:

1. Access to the discovery materials shall be restricted to persons authorized by this order, namely, Defendant, Defendant's attorneys of record in this case (including standby counsel), and any employees of the attorneys of record who are performing work on behalf of Defendant, to include any defense investigators;

2. Defense counsel and Defendant shall not disclose, make copies of, or reveal the contents of such materials to any other persons not authorized to receive

5

the discovery materials under this order without prior written consent of the government or further order of the Court;

3. Any and all discovery materials received by defense counsel and Defendant, and copies of such materials, shall be returned to the government at the conclusion of these proceedings. Defense counsel may retain any notes made by Defendant, the defense, and experts under the conditions provided above, or shall destroy them;

4. Any discovery material that is filed with the Court in connection with proceedings in this case shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing and redaction of court documents; and

5. The identities of cooperating witnesses in this case (if any) shall not be identified in public pleadings or pretrial hearings without authorization of the Court.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 30, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager