UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HUGH HAROLD LUSK,

    Defendant.

_____/

Case No. 21-cr-20307-GAD-KGA-1

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART LUSK'S MOTION FOR SPECIFIC DISCOVERY FROM ALL U.S. LAW ENFORCEMENT (ECF Nos. 253 and 254) AND DENYING LUSK'S MOTION TO DISCOVERY AND NOTICE TO COMPEL (ECF No. 264)**

### I. INTRODUCTION

On May 5, 2021, a grand jury charged Defendant Hugh Harold Lusk, along with five codefendants, in a seventeen-count indictment arising out of a drug conspiracy. ECF No. 1. Lusk was charged with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).[1] *Id.* at PageID.12. On September 14, 2021, a grand jury returned a

---

[1] Defendant Lusk has repeatedly taken issue with the title "Mister," so the Court does not use it to refer to him. No disrespect is meant by the omission.

1

superseding indictment charging Lusk, and his codefendants, with an additional count of aiding and abetting in the distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. ECF No. 75, PageID.266–67.

Presently before the Court are Lusk's "Motion for Specific Discovery from All U.S. Law Enforcement" (hereinafter, "Motion for Specific Discovery"), which was initially filed on April 17, 2023, *see* ECF Nos. 253 and 254,[2] and Lusk's "Motion to Discovery and Notice to Compel" (hereinafter, "Motion to Compel"), filed on June 6, 2023, *see* ECF No. 264. The Government responded to Lusk's Motion for Specific Discovery, *see* ECF No. 259, and the Court held a hearing on all of Lusk's discovery issues, including both motions, on June 8, 2023.

For the following reasons, the Court will **GRANT IN PART AND DENY IN PART** Lusk's Motion for Specific Discovery (ECF Nos. 253 and 254). Specifically, the motion is **GRANTED** to the extent Lusk did not receive the items requested therein prior to the Government's April 27, 2023 discovery production, which occurred after he filed the motion. It is **DENIED** to the extent Lusk seeks items that had already been produced to him, are not in the possession of the

---

[2] ECF Nos. 253 and 254 are identical except that ECF No. 254 includes as its last page the envelope Lusk used to mail the motion to the Court.

2

Government or that do not otherwise exist. Additionally, the Court will **DENY** Lusk's Motion to Compel (ECF No. 264).

## II. BACKGROUND

In his Motion for Specific Discovery, Lusk "demand[ed]" the following:

1. I shall be furnished with a copy of the accusations, video and audio recordings and a list of the witnesses on whose testimony the charge against me is founded.

2. The warrant supported by oath, or affirmation, particularly describing the place or places to be searched and the person or things to be seized that gave all U.S. Law Enforcement probable case, that allowed officers to search and seize initially."

ECF No. 253, PageID.1447.

In response, the Government stated that it had made the following productions to Lusk or his prior counsel.

| Production No. | Date Sent: | Manner Sent: | Person Sent To: |
| --- | --- | --- | --- |
| 21CR20307_0001-213; LUSK_ONLY_0001-32 | 6/30/21 | FedEx | Attorney Claude Chapman |
| 21CR20307_0001-758 | 9/28/21 | FedEx | Attorney Bertram Johnson |
| 21CR20307_759-0848 | 11/16/21 | FedEx | Attorney Bertram Johnson |
| 21CR20307_0001-0848; LUSK_ONLY_0001-32 | 3/22/22 | FedEx | Attorney David Nacht |
| 21CR20307_0001-0848; LUSK_ONLY_0001-32 | 12/19/22 | FedEx | Standby Counsel Christopher Quinn II as well as Lusk at 26055 |

3

| | | | |
|---|---|---|---|
| | | | Berg Road Southfield, MI 48033 |
| 21CR20307_0001-0848; LUSK_ONLY_0001-32; 21CR20307_0849 – 1333 | 3/13/23 | Hand Delivery | Lusk, outside of courtroom |
| 21CR20307_1334 - 1367 | 4/27/23 | FedEx | Lusk at 26055 Berg Road Southfield, MI 48033 |
| 21CR20307_0001-1367; LUSK_ONLY_0001-32 | 4/28/23 | USAfx | Standby Counsel Christopher Quinn II |

ECF No. 259, PageID.1472–73.

The Government also submitted, under seal, the cover letters for each production and an index listing each item included in each production. The index includes items relevant to Lusk's requests. In particular, it includes, *inter alia*, indictments and other case initiation documents, investigation reports, search warrants and the supporting affidavits for various cell phones, the extracts from those phones, proffer interviews from several witnesses, and grand jury testimony.

In his Motion to Compel, Lusk confirmed that he had received the following discovery:

      a. Search Warrants for confiscated cellular phone.
      b. Various phone numbers from the confiscated cellular phones.
      c. Pictures of confiscated cellular phones.
      d. Pictures of text messages from the confiscated cellular phones.
      e. Pictures of unknown material in plastic bags.

      f. Documentation from University of Michigan Hospital.
      g. Picture of some person's feet.
      h. Various addresses on documents outlining events that purportedly happened.
      i. Pictures of random vehicles.
      j. Criminal history reports.
      k. Investigation Reports of seized and returned legal tender photographs.

ECF No. 264, PageID.1528. However, he stated that he "ha[d] not received" and "demand[ed]" the same things asked for in his Motion for Specific Discovery as well as

    a. All Officers [*sic*] Body Camera Recordings of traffic stop.
    b. Law enforcement cruiser dashboard Camera Recordings with audio.
    c. All Audio Recordings from Law enforcement Dispatch and Cell Phone Short Messages Service (SMS).

*Id.*

### III. DISCUSSION

During the June 8, 2023 hearing, the Government provided Lusk, in the Court's presence and on the record, a disk including all of the previously produced discovery as well as two additional items: a corrected DEA 6 report and an extraction from AV-1's phone.

With respect to Lusk's request for the accusations against him, Lusk confirmed on the record that he had received a copy of the Superseding Indictment

5

in this matter. Moreover, the Government's productions include several indictments and case initiation documents. With respect to Lusk's request for a witness list and video and audio recordings of witnesses, counsel for the Government explained that the Government has not yet compiled its witness list for this prosecution and thus cannot satisfy that request. Nevertheless, counsel for the Government confirmed that it had provided, and provided at the hearing, discovery from several potential witnesses, including various audio and video recordings that were extracted from the cell phones that were seized. The Court also notes that the productions include grand jury testimony and proffer interviews.

With respect to Lusk's requests for warrant and supporting affidavits, counsel for the Government confirmed that the Government has provided, and provided at the hearing, all the warrants and supporting affidavits for the searches of the various cell phones involved in this prosecution. Counsel for the Government also confirmed on the record that the traffic stop Lusk was subjected to was not authorized by a search or arrest warrant and was instead based on a traffic infraction. There are thus no search warrants to produce relating to that incident because none exist. In contrast, the search warrants for Lusk's phones, which were seized incident to his arrest at the traffic stop, had already been produced and were produced again during the hearing.

6

Likewise, counsel for the Government confirmed that the Government is not in possession of any body-worn camera footage, dashboard camera footage, or dispatch call recordings related to the traffic stop, and thus none of those things can be produced. *See United States v. Skaggs*, 327 F.R.D. 165, 174 (S.D. Ohio 2018) ("[F]or [Federal Rule of Criminal Procedure 16] purposes, material will be considered as being in the possession of the government only if it is in the actual possession of the prosecutor or if the prosecutor has knowledge of and access to the material while it is in the possession of another federal agency."). Counsel for the Government also confirmed that any text messages in the Government's possession had been produced, or were produced at the hearing, as part of the discovery from the phone extractions.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Lusk's Motion for Specific Discovery from All U.S. Law Enforcement (ECF Nos. 253 and 254) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **GRANTED** to the extent Lusk did not receive the items requested in that motion prior to the April 27, 2023 production, which occurred after he filed the motion. It is **DENIED** to the extent Lusk seeks items that had already been produced to him, are not in the possession of the Government, or that do not otherwise exist.

7

**IT IS FURTHER ORDERED** that Lusk's Motion to Discovery and Notice to Compel (ECF No. 264) is **DENIED**. The items that Lusk seeks in this motion had either already been produced to him, are not in the Government's possession, or do not exist.

**IT IS FURTHER ORDERED** that if Lusk intends to file a motion to suppress regarding the legality of his traffic stop or arrest, or based on any other reason permitted by law, he must do so by **June 26, 2023**. See Fed. R. Crim. P. 12(c).

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 9, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager